1:21-cv-01310-RM-TSH   # 1-1   Page 1 of 9

Exhibit A

E-FILED
Thursday, 28 October, 2021 03:30:19 PM
Clerk, U.S. District Court, ILCD

E-FILED
9/17/2021 1:54 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL
2021L 000158

## IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT
## SANGAMON COUNTY, ILLINOIS

| | | |
|---|---|---|
| DEREK J. BANKER BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2021 L |
| | ) | |
| LYNN J. HEINLEN and HEINLEN TRUCKING, LLC, | ) ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, DEREK J. BANKER BARNETT, by and through his attorneys KANOSKI BRESNEY, and complaining of Defendants, LYNN J. HEINLEN and HEINLEN TRUCKING, LLC, states the following:

### COUNT I – NEGLIGENCE AGAINST LYNN J. HEINLEN

1. That on or about December 15, 2020, the Plaintiff, DEREK J. BANKER BARNETT, was a passenger in a vehicle travelling southbound on Interstate 55 in the County of Sangamon and State of Illinois.

2. That on or about December 15, 2020, and at all times relevant herein, the Defendant, LYNN J. HEINLEN, was driving a truck southbound on Interstate 55 in the County of Sangamon and State of Illinois.

3. That at all times relevant herein, the Defendant, LYNN J. HEINLEN, had a duty to obey the traffic laws of the State of Illinois and to use reasonable care for the safety of the Plaintiff in the operation of her vehicle.

4. Defendant, LYNN J. HEINLEN, breached this duty, and was careless and negligent in one or more of the following acts and omissions:

   a. Failed to reduce the speed of her truck as it was necessary to avoid the collision, in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a) (West 2016));

    b. Failed to sound a horn to ensure safe operation and give audible warning, in violation of Illinois Vehicle Code Section 5/12-601(a) (625 ILCS 5/12-601(a));

    c. Drove the truck at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a));

    d. Moved from her lane without first ascertaining that such movement can be made with safety, in violation of the Illinois Vehicle Code Section 5/11-709(a) (625 ILCS 5/11-709(a));

    e. Failed to keep proper lookout;

    f. Failed to maintain control of the truck she was driving; and

    g. Failed to stop the truck she was driving when approaching another vehicle within the roadway.

5. As a direct and proximate result of the negligent acts and omissions of the Defendant, LYNN J. HEINLEN, her truck violently collided with the vehicle in which Plaintiff was a passenger.

6. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, LYNN J. HEINLEN, Plaintiff sustained severe and permanent physical injuries which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to Plaintiff's daily tasks and continues to be unable to attend to Plaintiff's daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other bills in order to help alleviate the physical problems which Plaintiff sustained, and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident.

WHEREFORE, Plaintiff, DEREK J. BANKER BARNETT, prays for judgment against the Defendant, LYNN J. HEINLEN, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

## COUNT II - CONSCIOUS DISREGARD AGAINST LYNN J. HEINLEN

1-2. Plaintiff repleads and realleges paragraphs 1 through 2 of Count I as for paragraphs 1 through 2 of Count II.

3. Upon information and belief, the Defendant knew her truck's weight was greater in comparison to the weight of the vehicle Plaintiff was travelling as a passenger and that she would

do grave damage to Plaintiff if her truck collided with the vehicle in which Plaintiff was a passenger.

4. Upon information and belief, the Defendant, LYNN J. HEINLEN, knew that the faster she drove her truck the greater the injury would be if her truck collided with the vehicle in which Plaintiff was a passenger.

5. That at all times herein, the Defendant, LYNN J. HEINLEN, had a duty to consciously regard the safety of others while operating her truck on the roadway.

6. Defendant, LYNN J. HEINLEN, breached this duty, and was willful and wanton in one or more of the following acts and omissions:

   a. Failed to reduce the speed of her truck as was necessary to avoid the collision, in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a) (West 2016));

   b. Failed to sound a horn to ensure safe operation and give audible warning, in violation of Illinois Vehicle Code Section 5/12-601(a) (625 ILCS 5/12-601(a));

   c. Drove the truck at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a));

   d. Moved from her lane without first ascertaining that such movement can be made with safety, in violation of the Illinois Vehicle Code Section 5/11-709(a) (625 ILCS 5/11-709(a));

   e. Failed to keep proper lookout;

   f. Failed to maintain control of the truck she was driving; and

   g. Failed to stop the truck she was driving when approaching another vehicle within the roadway.

7. As a direct and proximate result of the negligent acts and omissions of the Defendant, LYNN J. HEINLEN, her truck violently collided with the vehicle in which Plaintiff was a passenger.

8. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, LYNN J. HEINLEN, Plaintiff sustained severe and permanent physical injuries which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to Plaintiff's daily tasks and continues to be unable to attend to Plaintiff's daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other bills in order to help alleviate the physical

problems which Plaintiff sustained, and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident.

WHEREFORE, Plaintiff, DEREK J. BANKER BARNETT, prays for judgment against the Defendant, LYNN J. HEINLEN, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

### COUNT III – NEGLIGENCE AGAINST HEINLEN TRUCKING, LLC

1-6.    That the Plaintiff, DEREK J. BANKER BARNETT, re-alleges and reasserts paragraphs one through six of Count I as for paragraphs one through six of Count III of the Complaint.

7.    That at all times relevant herein, Defendant, HEINLEN TRUCKING, LLC, was a Michigan limited liability company and owned and maintained the vehicle driven by Co-Defendant, LYNN J. HEINLEN.

8.    That at all times relevant herein, Defendant, HEINLEN TRUCKING, LLC, employed Co-Defendant, LYNN J. HEINLEN.

9.    That at all times relevant herein, Co-Defendant, LYNN J. HEINLEN, was acting at the direction and for the benefit of Defendant, HEINLEN TRUCKING, LLC.

10.    That at all times relevant herein, Co-Defendant, LYNN J. HEINLEN, was an agent of Defendant, HEINLEN TRUCKING, LLC, and was acting within the scope of said agency.

11.    That at all times relevant herein, Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, had a duty to obey the traffic laws of the State of Illinois and to use reasonable care for the safety of the Plaintiff in the operation of the truck.

12.    Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, breached this duty, and was careless and negligent in one or

more of the following acts and omissions:

   a. Failed to reduce the speed of the truck as was necessary to avoid the collision, in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a) (West 2016));

   b. Failed to sound a horn to ensure safe operation and give audible warning, in violation of Illinois Vehicle Code Section 5/12-601(a) (625 ILCS 5/12-601(a));

   c. Drove the truck at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a));

   d. Moved from her lane without first ascertaining that such movement can be made with safety, in violation of the Illinois Vehicle Code Section 5/11-709(a) (625 ILCS 5/11-709(a));

   e. Failed to keep proper lookout;

   f. Failed to maintain control of the truck she was driving; and

   g. Failed to stop the truck she was driving when approaching another vehicle within the roadway.

13. As a direct and proximate result of the negligent acts and omissions of the Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, the truck being driven by Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, violently collided with the vehicle in which Plaintiff was a passenger.

14. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, Plaintiff sustained severe and permanent physical injuries which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to Plaintiff's daily tasks and continues to be unable to attend to Plaintiff's daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other bills in order to help alleviate the physical problems which Plaintiff sustained, and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident.

WHEREFORE, Plaintiff, DEREK J. BANKER BARNETT, prays for judgment against the Defendant, HEINLEN TRUCKING, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

## COUNT IV - CONSCIOUS DISREGARD AGAINST HEINLEN TRUCKING, LLC

1-8.  Plaintiff repleads and realleges paragraphs one through eight of Count II as for paragraphs one through eight of Count IV.

9. That at all times relevant herein, Defendant, HEINLEN TRUCKING, LLC, owned and maintained the vehicle driven by Co-Defendant, LYNN J. HEINLEN.

10. That at all times relevant herein, Defendant, HEINLEN TRUCKING, LLC, employed Co-Defendant, LYNN J. HEINLEN.

11. That at all times relevant herein, Co-Defendant, LYNN J. HEINLEN, was acting at the direction and for the benefit of Defendant, HEINLEN TRUCKING, LLC.

12. That at all times relevant herein, Co-Defendant LYNN J. HEINLEN was an agent of Defendant, HEINLEN TRUCKING, LLC, and was acting within the scope of said agency.

13. Upon information and belief, the Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, knew the truck's weight was greater in comparison to the weight of the vehicle Plaintiff was travelling as a passenger and that the truck would do grave damage to Plaintiff if the truck collided with the vehicle in which Plaintiff was a passenger.

14. Upon information and belief, the Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, knew that the faster the truck was driven the greater the injury would be if the truck collided with the vehicle in which Plaintiff was a passenger.

15. That at all times herein, the Defendant, HEINLEN TRUCKING, LLC, by and

through its agent, Co-Defendant, LYNN J. HEINLEN, had a duty to consciously regard the safety of others while operating the truck on the roadway.

16. Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN breached this duty, and was willful and wanton in one or more of the following acts and omissions:

    a. Failed to reduce the speed of the truck as was necessary to avoid the collision, in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a) (West 2016));

    b. Failed to sound a horn to ensure safe operation and give audible warning, in violation of Illinois Vehicle Code Section 5/12-601(a) (625 ILCS 5/12-601(a));

    c. Drove the truck at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway in violation of the Illinois Vehicle Code Section 5/11-601(a) (625 ILCS 5/11-601(a));

    d. Moved from the lane without first ascertaining that such movement can be made with safety, in violation of the Illinois Vehicle Code Section 5/11-709(a) (625 ILCS 5/11-709(a));

    e. Failed to keep proper lookout;

    f. Failed to maintain control of the truck she was driving; and

    g. Failed to stop the truck she was driving when approaching another vehicle within the roadway.

17. As a direct and proximate result of the negligent acts and omissions of the Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, the truck violently collided with the vehicle in which Plaintiff was a passenger.

18. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, HEINLEN TRUCKING, LLC, by and through its agent, Co-Defendant, LYNN J. HEINLEN, Plaintiff sustained severe and permanent physical injuries which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to Plaintiff's daily tasks and continues to be unable to

attend to Plaintiff's daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other bills in order to help alleviate the physical problems which Plaintiff sustained, and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident.

WHEREFORE, Plaintiff, DEREK J. BANKER BARNETT, prays for judgment against the Defendant, HEINLEN TRUCKING, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

PLAINTIFF DEMANDS JURY TRIAL ON ALL COUNTS

Respectfully submitted,

DEREK J. BANKER BARNETT, Plaintiff,
KANOSKI BRESNEY,

By: _____/s/ Todd L. Lindquist_____

Todd L. Lindquist / ARDC #6286728
KANOSKI BRESNEY
237 E. Front Street
Bloomington, IL 61701
(309) 829-5700
(309) 829-8499 (fax)
Email: Litl@kanoski.com

## ATTESTATION

The undersigned hereby states and affirms under penalty of perjury as provided by Section 1-109 of the Illinois Code of Civil Procedure that the total of money damages sought by each Plaintiff herein exceeds FIFTY THOUSAND DOLLARS ($50,000.00) to the best of my knowledge, information and belief.

/s/ Todd L. Lindquist

Todd L. Lindquist / ARDC #6286728
KANOSKI BRESNEY
237 E. Front Street
Bloomington, IL 61701
(309) 829-5700
(309) 829-8499 (fax)
Email: Litl@kanoski.com